C. N. Markle v. Commissioner.
Markle v. Commissioner
Docket No. 5439.
United States Tax Court
1946 Tax Ct. Memo LEXIS 217; 5 T.C.M. (CCH) 283; April 12, 1946
*217 HARRON Order Denying Motion for Rehearing HARRON, Judge: Upon due consideration of petitioner's motion for rehearing filed on April 10, 1946, and for reasons set forth in the attached memorandum, it is ORDERED: That petitioner's motion is denied. Memorandum Sur Order HARRON, Judge: Petitioner contends that an erroneous application of the statute of frauds and the law of corporations has been made. He argues that an oral contract for the sale of land is perfectly valid in Texas and that the statute of frauds can be invoked only by the vendor of the land. It has not been held that the oral agreement between petitioner and the corporation was invalid. It has been stated that it was unenforceable by the petitioner, and that it was not binding upon the corporation prior to December 26, 1941. The authorities cited by petitioner do not contradict those statements. They support the view that the agreement in question was valid but voidable. With respect to the real estate the agreement remained voidable and could not be considered as a closed transaction until the real estate was conveyed by the corporation on December 26, 1941. At that moment the agreement became binding *218 upon the corporation. The statute of frauds has not been invoked to attack the oral agreement but the applicable principles have been cited in order to illustrate the true character of the agreement. Consideration has been given to the case of John W. Sherwood, 8 B.T.A. 103, cited by petitioner. In that case, the taxpayer and one other, who together owned all of the stock of a corporation, orally agreed in 1919 that the taxpayer would surrender his stock to the other in exchange for certain personal property of the corporation. In 1919 the taxpayer endorsed his stock, deposited it in escrow with his attorney, and took possession of the property. He did not take an assignment of the property in 1919 because the corporation had two suits pending and he was afraid that creditors might have recourse against him to the extent of the property taken over by him. In 1920 the other stockholder gave the taxpayer a check for his stock, the check was endorsed to the corporation in payment of the property received by the taxpayer, the stock certificates were delivered and the corporation executed an assignment of the property to the taxpayer. The question was whether the taxpayer's *219 stock was sold in 1919 or 1920 and it was held that an effective transfer took place in 1919. The court said that the 1920 meeting was held merely to make a formal record of the transfer of property that had been made in 1919. In the present case it has been held that an effective transfer of the corporation's real estate was not made until December 26, 1941. Petitioner did not take possession of the real estate prior to that date. The agreement to convey the real estate was not binding upon the corporation until that date. The Sherwood case is distinguishable because it (1) involves a transfer of personal property, (2) which the vendee possessed under an effective transfer prior to formal assignment.